

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

DEBRA WILSON,

    Plaintiff,

v.                                         CIVIL ACTION NO. 4:15cv101

ANDRE FORD, *et al.*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Before the Court is Debra Wilson's ("Plaintiff") Motion to Remand the case to the Newport News Circuit Court. The motion has been fully briefed and is ripe for judicial determination. The Court finds a hearing will not aid in its decisional process. For the reasons stated below, Plaintiff's Motion to Remand is **GRANTED**.

### I. FACTUAL AND PROCEDURAL HISTORY

On October 30, 2012 Defendant Andre Ford ("Defendant Ford"), an employee of Food Lion #1609 in Newport News, Virginia, struck Plaintiff, a Food Lion customer, in the head with a cart as he pushed it through the store. Ex. 1, Compl. ¶ 8, ECF No. 1. Defendant Ford concedes his employment status at the time of the incident with Defendants Food Lion, LLC and its parent company, Delhaize America, LLC (collectively the "Food Lion Defendants"). Ex. 4, Answer ¶ 6, ECF No. 1.

Plaintiff filed her Complaint in the Circuit Court for the City of Newport News on October 10, 2014, asserting a negligence claim against Defendant Ford and the Food Lion Defendants. Ex. 1, ECF No. 1. On March 30, 2015, Plaintiff filed a Motion to Amend Complaint

increasing the ad damnum from $50,000.00 to $26,346,510.22. Ex. 2, ECF No. 1. The court granted Plaintiff's motion on April 1, 2015. *Id.* Accordingly, on May 7, 2015 Plaintiff filed her Amended Complaint. *Id.* Defendants removed the case to this Court on September 22, 2015, asserting diversity jurisdiction pursuant to 28 U.S.C. §1338. Not. of Removal, ECF No. 1. Plaintiff filed a Motion to Remand on October 2, 2015. ECF No. 11.

Plaintiff and Defendant Ford are residents of Virginia, which ordinarily destroys diversity amongst the parties. However, Defendants seek refuge in the fraudulent joinder doctrine as interpreted by the Court in *Linnin v. Michielsens*, 372 F. Supp. 2d 811 (E.D. Va. 2005). Def's. Resp. to Pl's Mot. to Remand 3, ECF No. 15. Plaintiff argues that Defendants' fraudulent joinder argument is not founded on binding, well-supported case law and Defendants cannot prove the elements of fraudulent joinder as outlined by the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit"). Pl.'s Mem. in Supp. of Mot. to Remand 4-6, ECF No. 12. Therefore, Plaintiff contends there is no diversity jurisdiction and the case should be remanded to the circuit court. *Id.*

## II. LEGAL STANDARDS

### A. Removal and Remand

A civil case commenced in state court may, as a general matter, be removed by the defendant to federal district court if the case could have been brought there originally. 28 U.S.C. § 1441 (2000). Removal of a case from state to federal court may be accomplished through 28 U.S.C. § 1441(a), which states in relevant part:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the

2

district court of the United States for the district and division embracing the place where such action is pending.

The party seeking removal bears "[t]he burden of establishing federal jurisdiction." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921)). Moreover, the Fourth Circuit has held that removal jurisdiction is to be strictly construed in light of federalism concerns. *See Lontz v. Tharp*, 413 F.3d 435, 440 (4th Cir. 2005). If federal jurisdiction is doubtful, remand to state court is required. *Id.* at 441.

### B. Diversity Jurisdiction and the Fraudulent Joinder Exception

Parties must satisfy complete diversity for a federal court to exercise removal jurisdiction pursuant to 28 U.S.C. § 1441. *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999). Diversity jurisdiction allows a party to remove a case to federal court if all defendants are diverse from all plaintiffs and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1332, 1441; *see also Mayes*, 198 F.3d at 464; *Athena Auto., Inc. v. DiGregorio*, 166 F.3d 288, 290 (4th Cir. 1990).

Parties may find an exception to the well-settled complete diversity rule in the fraudulent joinder doctrine. A claim of fraudulent joinder permits the district court to "disregard, for jurisdictional purposes, the citizenship of certain non-diverse defendants" upon a showing either that "[1] plaintiff committed outright fraud in pleading jurisdictional facts, or [2] there is '*no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court.'" *Weidman v. Exxon Mobile Corp.*, 776 F.3d 214, 218 (4th Cir. 2015) (*citing Mayes*, 198 F.3d at 460); *see also Barlow v. Colgate Palmolive Co.*, 772 F.3d 1001, 1016 (4th Cir. 2014) (calling this test for fraudulent joinder "our longstanding 'glimmer of hope' test"); *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999) (citing this test for

fraudulent joinder); *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 233 (4th Cir. 1993) (holding a claim does not need to ultimately succeed since only a possibility of a right to relief need be asserted). The defendant carries the burden to prove fraudulent joinder, a determination made after "resolving all issues of law and fact in the plaintiff's favor." *Wygal v. Litton Loan Servicing LP*, No. 5:09cv322, 2009 WL 2524701, at *2 (S.D. W.Va. Aug. 18, 2010) (*citing Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 423 (4th Cir. 1999)). The court may also consider facts in the record outside of the pleadings in determining whether fraudulent joinder has occurred. *Mayes*, 198 F.3d at 464.

### III. DISCUSSION

The jurisdictional facts in this case are not in contention. Thus, to demonstrate fraudulent joinder Defendants must prove there is no possibility Plaintiff would be able to establish a negligence cause of action against non-diverse Defendant Ford. The issue in this case concerns the appropriate interpretation of the "no possibility" prong of the test for fraudulent joinder. Recent Fourth Circuit case law articulates the original standard that hinges on the plaintiff's ability to articulate a cause of action as demonstrated by the sufficiency of the facts. *Weidman v. Exxon Mobile Corp.*, 776 F.3d 214, 218 (4th Cir. 2015); *Johnson v. Am. Towers, LLC.*, 781 F.3d 693, 704 (4th Cir. 2015); *Barlow v. Colgate Palmolive Co.*, 772 F.3d 1001, 1016 (4th Cir. 2014) (calling this test for fraudulent joinder "our longstanding 'glimmer of hope' test").

Defendants, however, cite the "reasonable, not rigidly applied" interpretation, as articulated in *Linnin*. Def's. Resp. to Pl's Mot. to Remand 3, ECF No. 15 (*citing Linnin v. Michielsens*, 372 F. Supp. 2d 811 (E.D. Va. 2005) ("[T]he no possibility standard is more properly applied not rigidly but reasonably.")) In *Linnin* the Court held "no possibility" to mean "no reasonable basis for the district court to predict that the plaintiff might be able to recover

against an in-state defendant." *Linnin*, 372 F. Supp. 2d at 819. The Court attributed the interpretation to the "inherent tension" in the Fourth Circuit's prior articulation of the fraudulent joinder test. *Linnin*, 372 F. Supp. 2d at 818 (holding the plaintiff's ability to state a claim and the plaintiff's intention of obtaining a joint judgment are "two different things") (*citing AIDS Counseling & Testing Ctrs. v. Grp. W Television, Inc.*, 903 F.2d 1000, 1003 (E.D. Va. 1990).

> The Fourth Circuit explained fraudulent joinder as:
>
> [A] term of art [that] does not reflect on the integrity of the plaintiff or counsel, but is merely the rubric applied when a court finds either that no cause of action is stated against the non-diverse defendant, or *in fact* no cause of action exists. In other words, a joinder is fraudulent if "there [is] no real intention to get a joint judgment, and… there [is] no colorable ground for so claiming."

*AIDS Counseling*, 903 F.2d at 1003. Accordingly, the *AIDS Counseling* standard provides for a finding of fraudulent joinder where either "no cause of action is stated against the non-diverse defendant or in fact no cause of action exists." *Id.* Defendants do not argue that Plaintiff did not or could not state a claim against Ford. *See Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232-33 (4th Cir. 1993) (holding that the defendant's burden in establishing fraudulent joinder requires that "the defendant must show that the plaintiff cannot establish a claim against the non-diverse defendant even after resolving all issues of fact and law in the plaintiff's favor. A claim need not ultimately succeed to defeat removal; only a possibility of a right to relief need be asserted.").

To view the facts in Plaintiff's favor is to accept that Defendant Ford was a Food Lion employee working within the scope of his employment at the time of the incident. The *AIDS Counseling* standard warrants a finding of fraudulent joinder where Plaintiff had "no real intention to get a joint judgment and … no colorable ground for so claiming." *AIDS Counseling*,

903 F.2d at 1003. Defendants do not argue no "colorable ground" exists for the suit. The negligence claim against Defendant Ford is entirely plausible under state law. Furthermore, Virginia law permits joint liability for an employer and employee when an employee commits a wrongful act. *See VanBuren v. Grubb*, 284 Va. 584, 591 (2012) ("It has long been settled in Virginia that 'employers and employees are deemed to be jointly liable and jointly suable for the employee's wrongful act.'"). This is especially true given that Food Lion management provided Plaintiff a written statement that described the details of and Ford's relation to the accident. Pl.'s Aff. ¶ 2; Pls.' Ex. A, ECF No. 12.

Defendants reference two other Eastern District of Virginia District Court cases for support. In *Christian v. Food Lion*, the Court denied the plaintiff's motion to remand finding that plaintiff was more likely to recover from Food Lion because it had "deep pockets" and the plaintiff sought over half a million dollars in damages. *Christian v. Food Lion, LLC, et al.*, Civ. A. No. 4:07-cv-126 (E.D. Va. 2008). Notably, the Court decided *Christian* prior to the Fourth Circuit's *Weidman* decision in 2015. In *Weidman*, the Fourth Circuit upheld a fraudulent joinder claim where the plaintiff had no possibility of success in tort claims against various defendants. *Weidman v. Exxon Mobile Corp.*, 776 F.3d 214, 218 (4th Cir. 2015). However, in conventionally applying the fraudulent joinder test the Court did not discuss plaintiff's actual ability to recover the judgment from the lower level employees but found plaintiff could not succeed in his claims against these non-diverse defendants. *Id.*

Moreover, in *Orr v. Food Lion, et al.*, the plaintiff brought suit against a Food Lion customer service employee that became involved after the plaintiff sustained an injury. *Orr v. Food Lion, et al.*, Civ. A. No. 2:09-cv-527 (E.D. Va. 2010). The Court found it need not address plaintiff's intent of actually obtaining a joint judgment because it was so clear the plaintiff could

not establish a negligence claim against the defendant where the defendant committed no affirmative act. *Id.* at 7 n.5.

## IV. CONCLUSION

Defendants' arguments fall short of the burden to prove fraudulent joinder. Defendants must show either "[1] plaintiff committed outright fraud in pleading jurisdictional facts, or [2] there is '*no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court.'" *Weidman v. Exxon Mobile Corp.*, 776 F.3d 214, 218 (4th Cir. 2015). Though marginal case law supports Defendants interpretation of the "no possibility" prong, Defendants fail to articulate any argument that counters the crux of the analysis: the sufficiency of Plaintiff's negligence cause of action against Defendant Ford. Viewing the facts and law in Plaintiff's favor, Plaintiff articulated a cause of action in the pleadings and can establish a negligence cause of action in state court against non-diverse Defendant Ford. Therefore, the fraudulent joinder claim is denied and Plaintiff's Motion to Remand for lack of diversity jurisdiction is **GRANTED**.

**IT IS SO ORDERED.**

Norfolk, Virginia
February 5, 2016

Raymond A. Jackson
United States District Judge